# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM D. CONTE,

        Plaintiff,

v.

MARSHAL WILLICK, *et al.*,

        Defendants.

Case No.: 2:25-cv-00439-GMN-DJA

**ORDER**

    Pending before the Court is the Motion for Emergency Hearing, (ECF No. 21), filed by Plaintiff Wayne D. Conte. Because Plaintiff is proceeding pro se, the Court liberally construes his Motion[1] as a Motion for Preliminary Injunction because he is seeking injunctive relief in the form of an order preventing OPM money from being sent to Jesusa E. Conte.

    Under Local Rule 7-4, "[w]ritten requests for judicial assistance in resolving an emergency dispute must be titled 'Emergency Motion' and be accompanied by a declaration setting forth the nature of the emergency." *See* D. Nev. Local R. 7-4(a)(1). In his Motion, Plaintiff requests emergency relief, but does not include a declaration setting forth the nature of the emergency as is required under LR 7-4. Further, Plaintiff fails to explain why he will suffer irreparable harm without emergency relief. The only identifiable harm in his motion is monetary harm. "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851 (9th Cir.2009). "Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award." *Id.* at 852. Because Plaintiff does not include a declaration setting forth the nature of the emergency, and he has failed to show that he is likely to suffer irreparable harm

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

without injunctive relief, the Court declines to expedite briefing addressing Plaintiff's Motion. The Court will address the pending Motions in due course.

Further, the Court finds that there are compelling reasons to seal Exhibits 2, 3, and 4 to the Motion for Emergency Hearing. *See Kamakana v. City & Cnty. of Honolulu*, 473 F.3d 1172, 1178 (9th Cir. 2006). The Court therefore orders that Exhibits 2, 3, and 4 should be filed separately under seal. The Motion, other than Exhibits 2, 3, and 4, should be filed separately and unsealed.

Accordingly,

**IT IS HEREBY ORDERED** that Exhibits 2, 3, and 4 to the Motion for Emergency Hearing, (ECF No. 21), must be filed under seal, and the rest of the Motion must be unsealed. The Clerk of Court is kindly directed to file Exhibits 2, 3, and 4 separately under seal and file the Motion for Emergency Hearing, excluding Exhibits 2, 3, and 4, not under seal.

Dated this 25 day of June, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court