UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wayne D. Conte, | Case No. 2:25-cv-00439-GMN-DJA |
| Petitioner, | |
| v. | **Order** |
| Marshal Willick, Esq.; Richard L. Crane, Esq.; Jesusa E. Conte; et al., | |
| Respondents. | |

Before the Court is pro se Plaintiff Wayne D. Conte's motion to compel discovery. (ECF No. 34). However, Plaintiff does not include a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request. So, the Court denies Plaintiff's motion without prejudice.

Before bringing a motion to compel, Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c) require the party bringing the motion to make a good faith effort to meet and confer with the individual or entity refusing to provide the discovery to attempt and resolve the dispute without court action. Local Rule 26-6(c) explains:

> Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f)[1] before filing the motion, and (2) includes a declaration setting

---

[1] Local Rule IA 1-3(f) provides the following:

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The

forth the details and results of the meet and confer conference about each disputed discovery request.

Because Plaintiff has not complied with the meet and confer requirements, the Court denies his motion without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 34) is **denied without prejudice.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: November 13, 2025



DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

(1) The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.

(2) A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

(3) In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.

(4) Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.