**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WAYNE D. CONTE,

                    Plaintiff,

      vs.

MARSHAL WILLICK, *et al.*

                Defendants.

Case No.: 2:25-cv-00439-GMN-DJA

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 10), filed by Defendants Marshal Willick, Richard L. Crane, and Jesusa E. Conte.  Plaintiff Wayne D. Conte filed a Response, (ECF No. 14), to which Defendants filed a Reply, (ECF No. 16).  Further pending before the Court is the Motion for Emergency Hearing to Freeze the OPM Retirement Check Going to Jesusa E. Conte Before the Case is Decided ("Motion to Freeze"), (ECF No. 21), filed by Plaintiff.  Defendants filed a Response, (ECF No. 24), and Plaintiff did not file a Reply.  Next pending before the Court is the Motion for Hearing, (ECF No. 27), filed by Defendants.  Plaintiff did not file a Response.  Additionally pending before the Court is the Motion for Immediate Hearing, (ECF No. 29), filed by Plaintiff.  Defendants filed a Response, (ECF No. 30), and Plaintiff did not file a Reply.  Finally pending before the Court is the Motion for Immediate Action to Restore Plaintiff's OPM Retirement Benefits ("Motion for Immediate Action"), (ECF No. 40), filed by Plaintiff.  Defendants filed a Response, (ECF No. 41), to which Plaintiff filed a Reply, (ECF No. 42).

For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, Defendants' Motion for Summary Judgment, DENIES Defendants' Motion for Hearing as moot, and DENIES Plaintiff's pending Motions.

## I.   BACKGROUND

This case arises out of divorce proceedings between Plaintiff and Defendant Jesusa Conte in Nevada Family Court initiated in 2011. (Compl. at 1, ECF No. 5).  The Decree of Divorce entered in those proceedings awarded Defendant Jesusa Conte modified spousal support of $1,000 per month for 15 years. (Mot. Summ. J. 6:1–2, ECF No. 10).  After Plaintiff refused to pay, the Nevada district court entered another order awarding Defendant Jesusa Conte 50% of the total monthly annuity of Plaintiff's Civil Service Retirement System ("CSRS") to address the debt accrued by Plaintiff. (*Id.* 6:4–6).  Plaintiff thereafter filed two unsuccessful lawsuits in this Court seeking to sue the state court judge who entered those orders, bringing claims similar to those asserted in this case. *See Conte v. Pomeranze*, No. 2:16-cv-00009-APG-GWF; *Conte v. Conte*, No. 2:17-cv-01572-JAD-VCF.

Thereafter, the Nevada district court ordered the Office of Personnel Management ("OPM") to pay 100% of Plaintiff's CSRS benefits to Defendant Jesusa Conte. (*See* Third Amended Court Order at 3, Ex. 1 to Mot. Emergency Hearing, ECF No. 21-1).  Plaintiff asserts the following claims: (1) use of fraudulent documents to obtain a sum of money from the United States under 18 U.S.C.A. § 1002, (2) bank fraud under 18 U.S.C.A. § 1344, (3) mail fraud under 18 U.S.C. § 1341, (4) blackmail of federal benefits under 18 U.S.C.A. § 873, (5) violation of 5 C.F.R. § 838, (6) violation of federal income tax laws, and (7) violation of the Americans with Disabilities Act ("ADA"). (Compl. at 3–4).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure ("FRCP") provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Restaurants., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing

party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

///

///

///

///

## III.    DISCUSSION

The Court notes that after briefing on Defendants' Motion for Summary Judgment had concluded, Plaintiff filed a Proposed Amended Complaint, (ECF No. 18).[1]  However, Plaintiff's Proposed Amended Complaint seeks to add two new claims to his original Complaint without reproducing all claims and factual allegations contained in his original Complaint. (*See* Prop. Amended Compl. 1:22–25, ECF No. 18).  Because an amended complaint completely replaces the previous complaint, any amendment may not merely incorporate claims or factual allegations made in a plaintiff's original complaint by reference; instead, the amended complaint must include all the facts and claims Plaintiff wishes to present. *Harris v. Acts Syrene Apartments*, No. 22-CV-00405-JCS, 2022 WL 767190, at *8 (N.D. Cal. Mar. 13, 2022) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).  The Court thus STRIKES Plaintiff's Proposed Amended Complaint and will treat Plaintiff's original Complaint as the operative complaint in this case.

Plaintiff is reminded that if he wishes to amend his Complaint, he must file a motion seeking leave of the court to file an amended complaint and must attach the proposed amended complaint to that motion. LR 15-1(a).  The proposed amended complaint must be complete in and of itself without reference to the superseded pleading. *Id.*

The Court next addresses each pending Motion in turn.

**A.  Defendants' Motion for Summary Judgment and Motion for Hearing**

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine because Plaintiff in substance seeks appellate review of a state court judgment. (Mot. Summ. J. 11:7–12:5).  Defendants further argue that all of

---

[1] Plaintiff did not file a Motion for Leave to Amend concurrent with his Proposed Amended Complaint. However, in his Scheduling Order, (ECF No 32), United States Magistrate Judge Daniel J. Albregts declined to strike the Proposed Amended Complaint as untimely filed. (Scheduling Order 3:1–2, ECF No.32).  The Court thus declines to strike the Proposed Amended Complaint on this basis alone.

Plaintiff's claims have been fully litigated and decided by Nevada state courts, and thus are precluded. (*Id.* 12:8–22). In his Response, Plaintiff argues that granting summary judgment here would be premature, as discovery will yield evidence showing that there are material facts in dispute. (Resp. Mot. Summ. J. 4:13–21, ECF No. 14). Plaintiff does not address Defendants' arguments that this Court lacks subject matter jurisdiction over his claims or that his claims are precluded. (*See generally id.*). On Reply, Defendants contend that discovery will not change the facts before the Court because this dispute has been ongoing for fourteen years and spanned multiple cases. (Reply 3:21–4:3, ECF No. 16).

The Court first addresses whether it has subject matter jurisdiction over Plaintiff's claims before applying the summary judgment standard.

### 1. The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, which takes its name from the Supreme Court's decisions in *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), a district court does not have subject matter jurisdiction to hear a direct appeal from a final judgment of a state court. *See Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A losing party in state court is thus barred from seeking what in substance would be appellate review of a state court judgment in federal district court, even if the party contends that the state court judgment violated his or her rights. *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *Allah v. Superior Ct. of State of Cal., Los Angeles Cnty.*, 871 F.2d 887, 891 (9th Cir. 1989) (stating that *Rooker-Feldman* doctrine "applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights"), *superseded by statute on other grounds as stated in Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) ("This doctrine applies even when the challenge to the state court decision involves federal constitutional issues.").

The Ninth Circuit has explained that if "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

Here, Plaintiff's second, fifth, sixth, and seventh claims are directed at alleged defects in the state court proceedings: Plaintiff's second claim asserts that the Writ of Execution entered by the state court violated federal law; Plaintiff's fifth claim asserts that the state court did not have the authority to alter his federal retirement benefits; Plaintiff's sixth and seventh claims assert that the state court's order awarding his retirement benefits to Defendant Jesusa Conte violated federal income tax laws and the ADA. (Compl. at 3–4). Thus, because these claims seek in substance appellate review of the state court decision, the Court lacks subject matter jurisdiction over them under the *Rooker-Feldman* doctrine.

By contrast, Plaintiff's first, third, and fourth claims are directed towards fraud allegedly committed by the adverse parties in the state court proceedings: Plaintiff's first and third claims assert that Defendants violated 18 U.S.C.A. § 1002 and 18 U.S.C.A. § 1341, respectively, by defrauding the state court; Plaintiff's fourth claim asserts that Defendants blackmailed Plaintiff by filing motions to hold Plaintiff in contempt of court. (*Id.*). "[W]here a party alleges extrinsic fraud by an adverse party in procuring a state court judgment, the *Rooker-Feldman* doctrine does not apply, because such a claim does not challenge the state court decision directly." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021) (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004)). Thus, the Court finds that the *Rooker-Feldman* doctrine does not strip the Court of subject matter jurisdiction over these claims. The Court thus GRANTS Defendants' Motion for Summary Judgment with respect to Plaintiff's second, fifth, sixth, and seventh claims on subject matter jurisdiction grounds. The Court next applies the

summary judgment standard to Plaintiff's remaining claims.

### 2.  Plaintiff's First, Third, and Fourth Claims

The Court finds that Defendants have not met their burden under the summary judgment standard with respect to Plaintiff's remaining claims.  Here, Defendants have not shown that there is no genuine dispute as to any material fact with respect to Plaintiff's first, third, and fourth claims.  Rather, Defendants hang their hat on this Court's lack of subject matter jurisdiction or, alternatively, that these claims are precluded. (Mot. Summ. J. 10:1–12:22). However, Defendants provide no evidence establishing that Plaintiff's first, third, and fourth claims have been fully litigated and decided by any other court.  While Defendants in their Reply list all of the cases filed by Plaintiff that they contend contain the same facts or arguments, it is not the job of the Court to sift through the claims asserted in each case to determine whether they bar the claims Plaintiff has asserted here. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs")).

The Court thus DENIES Defendants' Motion for Summary Judgment with respect to Plaintiff's first, third, and fourth claims.  Further, because Defendants' Motion for Hearing requested either a hearing on the Motion for Summary Judgment or a ruling on that Motion, the Court DENIES the Motion for Hearing as moot.

Based on its findings above, the Court questions whether Plaintiff's remaining claims against Defendants can survive summary judgment.  However, Plaintiff has not had a full and fair opportunity to address why summary judgment on its claims against Defendants should not be granted.   Thus, the Court informs the parties that it will *sua sponte* consider whether summary judgment should be granted on Plaintiff's three remaining claims.  The Court ORDERS the parties to brief whether Defendants are entitled to summary judgment on the

remaining three claims against them based on the findings in this Order.  Defendants must file a supplemental brief, not to exceed 10 pages, no later than 30 days from the date of this Order. Plaintiff must file a response, not to exceed 10 pages, no later than 14 days following the filing of Defendants' supplemental brief.  The Court notes that the parties should not use the supplemental briefing to raise arguments previously considered and rejected by the Court.

## B. Plaintiff's Motions

The Court next turns to Plaintiff's Motion to Freeze, Motion for an Immediate Hearing, and Motion for Immediate Action.

Plaintiff's Motion to Freeze and Motion for Immediate Action both request that the Court halt all payment of Plaintiff's retirement benefits to Defendant Jesusa Conte. (Mot. Freeze at 3, ECF No. 21); (Mot. Immediate Action at 1, ECF No. 40).  However, Plaintiff fails to file points and authorities supporting this demand for relief. LR 7-2(a).  To the extent that Plaintiff requests that this Court grant him injunctive relief to halt payments of his retirement benefits to Defendant Jesusa Conte, Plaintiff fails to satisfy the heavy burden that relief requires. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").  The Court thus DENIES Plaintiff's Motion to Freeze and Motion for Immediate Action.

Finally, the Court turns to Plaintiff's Motion for an Immediate Hearing.  Here, Plaintiff requests a speedy trial due to his age and health concerns. (Mot. Immediate Hearing at 2, ECF No. 29).  However, although discovery has concluded, (*see* Scheduling Order 3:9), this case is not yet at the trial stage.  The parties have not yet filed a Joint Pretrial Order, and the Court here orders supplemental briefing, which will need to be resolved before this case can proceed to trial.  The Court thus DENIES Plaintiff's Motion for an Immediate Hearing.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Proposed Amended Complaint, (ECF No. 18), be **STRICKEN** from the docket.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 10) is **GRANTED, in part, and DENIED, in part**.  Plaintiff's second, fifth, sixth, and seventh claims are **DISMISSED with prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendants' Motion for Hearing, (ECF No. 27), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the parties must brief whether Defendants are entitled to summary judgment on Plaintiff's three remaining claims.  Defendants must file a supplemental brief, not to exceed 10 pages, no later than 30 days from the date of this Order. Plaintiff must file a response, not to exceed 10 pages, no later than 14 days following the filing of Defendants' supplemental brief.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Hearing for the Judge to Freeze the OPM Retirement Check Going to Jesusa E. Conte Before the Case is Decided, (ECF No. 21), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Immediate Action to Restore Plaintiff's OPM Retirement Benefits, (ECF No. 40), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Immediate Hearing, (ECF No. 29), is **DENIED**.

**DATED** this __23__ day of February, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court